UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| HYUNDAI STEEL COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | **Court No. 26-02220** |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) ) | |

### CONSENT MOTION TO INTERVENE AS A MATTER OF RIGHT AS PLAINTIFF-INTERVENOR

Pursuant to U.S. Court of International Trade Rule 24(a)(1) and (c)(2), the Government of the Republic of Korea ("GOK"), by and through its attorneys, moves this Court to intervene as a matter of right in the above-captioned action as Plaintiff-Intervenor.

Plaintiff Hyundai Steel Company commenced this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i)(I) and (B)(iii) to contest portions of the U.S. Department of Commerce's final results of the 2023 administrative review of the countervailing duty order on certain cut-to-length carbon-quality steel plate from the Republic of Korea.  The final results were published in the *Federal Register* on February 20, 2026.  *Certain Cut-to-Length Carbon-Quality Steel Plate From the Republic of Korea: Final Results of Countervailing Duty Administrative Review; 2023*, 91 Fed. Reg. 8,180 (Feb. 20, 2026).

The GOK is an interested party within the meaning of 19 U.S.C. § 1677(9)(B) and 19 U.S.C. § 1516a(d).  The GOK is the government of a country in which the subject merchandise is produced or manufactured and from which such merchandise is exported.  The GOK, through its submission of evidence and arguments in the underlying administrative review, has standing

to appear before this Court pursuant to 19 U.S.C. § 1516a(d) as an interested party who was a party to the underlying administrative proceeding and may intervene as a matter of right pursuant to 28 U.S.C. § 2631(j)(1)(B).  Further, the GOK intends to litigate the counts raised in Plaintiff's complaint: (i) Commerce's finding that the provision of electricity for less than adequate remuneration ("LTAR") was *de facto* specific under section 771(5A)(D)(iii)(III) of the Tariff Act of 1930, as amended, is unsupported by substantial evidence on the record and otherwise not in accordance with law; and (ii) Commerce's finding that the provision of electricity for LTAR provided a benefit under section 771(5)(E) of the Tariff Act of 1930, as amended, is unsupported by substantial evidence on the record and otherwise not in accordance with law.  ECF No. 9.

This Consent Motion is timely filed.  Pursuant to U.S. Court of International Trade Rule 24(a)(3), a motion to intervene as of right is timely if it is filed within 30 days after service of the complaint.  Plaintiff filed its complaint in this action on April 16, 2026.  ECF No. 9.  This Consent Motion is timely because the GOK has filed it within the 30-day window provided in U.S. Court of International Trade Rule 24(a)(3).

In accordance with U.S. Court of International Trade Rule 7(f), counsel to the GOK consulted with the parties to this action regarding the GOK's intervention in this matter.  On May 11, 2026, Brady W. Mills, counsel for Plaintiff, consented to this Motion.  On May 13, 2026, Matthew D. Lewis, counsel for Defendant, consented to this Motion on behalf of Defendant.  Thus, all parties consent to this motion.

The GOK respectfully requests that the Court grant this Consent Motion to Intervene as a Matter of Right as Plaintiff-Intervenor in this action.  A proposed order accompanies this Consent Motion.

Respectfully submitted,

/s/ Yujin K. McNamara
Yujin K. McNamara
Daniel M. Witkowski
Jooyoun Jeong
Sung Un K. Kim
AKIN GUMP STRAUSS HAUER & FELD LLP
2001 K Street
Washington, DC 20006
Phone: (202) 887-4347
E-mail: ymcnamara@akingump.com

Dated: May 15, 2026                    *Counsel for the Government of the Republic of Korea*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |  |
|---|---|---|
| HYUNDAI STEEL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Court No. 26-02220** |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>ORDER</u>

Upon consideration of the Government of the Republic of Korea's ("GOK") Consent Motion to Intervene as a Matter of Right as Plaintiff-Intervenor, it is:

**ORDERED** that the GOK's Consent Motion is granted; and it is further

**ORDERED** that the GOK be entered as a Plaintiff-Intervenor in the above-captioned action.


Dated: _____

New York, NY                                    Judge Claire R. Kelly